IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAPHINE D. PUCKETT                                                                                          PLAINTIFF

vs.                                          Civil No. 4:08-cv-04085

MICHAEL J. ASTRUE                                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Daphine Puckett ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 2).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her applications for DIB and SSI on July 19, 2005.  (Tr. 51-56).  Plaintiff alleged she was disabled due to back and leg problems.  (Tr. 77).  Plaintiff alleged an onset date of April 1, 2004.  (Tr. 51, 54).  These applications were initially denied on September 12, 2005 and were denied again on reconsideration on January 4, 2006.  (Tr. 45-50).  On March 2, 2006, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

requested an administrative hearing on her applications. (Tr. 39-40). This hearing was held on August 9, 2007 in Little Rock, Arkansas. (Tr. 424-451). Plaintiff was present and represented by counsel, Jim Jackson, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Ken Waits testified at this hearing. *See id.*

On January 24, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 12-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2009. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 2004, her alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the a severe impairment of a disorder of the back. (Tr. 14, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-17). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. *See id.* Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of sedentary work. She can lift 10 lbs. occasionally, sit at least 6 hours in an 8 hour day, stand or walk at least 2 hours in an 8 hour day.

(Tr. 15, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work. (Tr. 17, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 430-431, 434-437, 448-450). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a receptionist. (Tr. 17). The ALJ determined, considering her RFC and the testimony by the VE, that Plaintiff retained the ability to perform her PRW. (Tr. 17, Finding 6). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 1, 2004 through the date of his decision or through January 24, 2008. (Tr. 18, Finding 7).

On March 20, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On July 23, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 3-5). On September 19, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on September 24, 2008. (Doc. No.2). Both parties have filed appeal briefs. (Doc. Nos. 4-5). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

3

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ found an incorrect onset date; (2) the ALJ erred in finding Plaintiff had PRW as a receptionist; (3) the ALJ erred by not asking the VE a hypothetical question; and (4) the ALJ performed an improper *Polaski* evaluation. (Doc. No. 4, Pages 6-18). In response, Defendant argues the ALJ's disability determination is supported by substantial evidence. (Doc. No. 5, Pages 3-8). Defendant argues the ALJ found the correct onset date, the ALJ properly found Plaintiff's PRW, the VE response to a hypothetical question was not needed, and the ALJ properly evaluated Plaintiff's subjective complaints. *See id.*

**A. Past Relevant Work**

To constitute PRW, a claimant must have performed the work as substantial gainful activity. *Buckner v. Apfel*, 213 F 3rd 1006, 1013 (8th Cir, 2000), *citing* 20 C.F.R. § 416.965(a). In *Buckner*, the record indicated that the claimant's employment at "Maid Your Day" may have produced insufficient income to be considered substantial gainful activity without further development of the record. *Id.* Thus, the Court held that the ALJ's finding that the claimant was not disabled because she could perform her past relevant work, was not supported by substantial evidence, and a remand was necessary for additional evaluation of existing evidence and for further development of the Plaintiff's PRW. *Id.*

In this matter, the ALJ found Plaintiff had engaged in no substantial gainful activity since

April 1, 2004. (Tr. 14). The ALJ then found Plaintiff's PRW included work as a receptionist. (Tr. 17). The ALJ next determined, considering her RFC and the testimony by the VE, that Plaintiff retained the ability to perform her PRW, and as such, Plaintiff was not disabled. (Tr. 17-18, Findings 6-7). These findings are inconsistent with each other as 20 C.F.R. § 416.965(a) requires any PRW to be done during a period of substantial gainful activity. Thus, the ALJ's finding that Plaintiff could perform PRW, and the finding that Plaintiff was not disabled, are not supported by substantial evidence.

This case must be reversed and remanded for further evaluation and for further development regarding Plaintiff's ability to perform PRW. If on remand the ALJ finds Plaintiff has performed no PRW or is unable to perform any PRW, the ALJ should then proceed to a step 5 analysis.

### B. Credibility Determination

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely evaluated the medical records, and briefly considered Plaintiff's daily activities. (Tr. 16-17). This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*.[3]

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

---

[3]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

7

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED** this **20th day of July, 2009.**

                                      /s/   Barry A. Bryant  
                                      HON. BARRY A. BRYANT  
                                      U.S. MAGISTRATE JUDGE